UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

**LESLIE A. FARBER, LLC**
33 Plymouth Street, Suite 204
Montclair, New Jersey 07042
Ph. (973) 509-8500
eMail: LFarber@LFarberLaw.com
Attorneys for Defendant

| | |
|---|---|
| **MALIBU MEDIA, LLC,** | Hon. Jose L. Linares, U.S.D.J. |
| *Plaintiff,* | Civil Action No. 2:14-cv-06976-JLL-JAD |
| v. | CIVIL ACTION |
| **KIRK RAHUSEN,** | RETURN DATE: **May 4, 2015** |
| *Defendant.* | Document Filed Electronically |

---

# BRIEF OF DEFENDANT IN SUPPORT OF
# MOTION TO DISMISS COMPLAINT

---

Leslie A. Farber, Esq.
  On the Brief

LESLIE A. FARBER, LLC
33 Plymouth Street, Suite 204
Montclair, NJ 07042
Ph. (973) 509-8500
Attorneys for Defendant

## TABLE OF CONTENTS

TABLE OF AUTHORITIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  ii

STATEMENT OF FACTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

LEGAL ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

       THE COMPLAINT SHOULD BE DISMISSED BECAUSE PLAINTIFF'S AMENDED
       COMPLAINT FAILS TO PROVIDE SUFFICIENT FACTS CONNECTING THIS
       DEFENDANT TO INFRINGEMENT.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

              Plaintiff's Amended Complaint Fails to Comply with FRCP 8. . . . . . . . . . . . . . 4

              Plaintiff Failed to Follow the Court's Directive That it Have a Factual Basis for
              the Assertion That the Defendant Engaged in the Alleged Infringement.. . . . . . . 8

CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

i

# TABLE OF AUTHORITIES

**CASES**

AF Holdings LLC v. John Doe, No. C 12-2049, ECF No. 45, 2013 WL 97755 (N.D. Cal. Jan. 7, 2013). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 7

Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937 (2009). . . . . . . . . . . . . . . . . . . . . . . . . . . . 4-6

Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955 (2007).. . . . . . . . . . . . . . 4, 5, 8

Fowler v. UPMC Shadyside, 578 F.3d 203 (3d Cir. 2009). . . . . . . . . . . . . . . . . . . . . . . . . . . 4-6

Malibu Media, LLC, v. Tsanko, No. 3:12-cv-03899, ECF No. 71 (D.N.J. Dec. 10, 2013).. . . . . . 4

Phillips v. County of Allegheny, 515 F.3d 224 (3d Cir. 2008). . . . . . . . . . . . . . . . . . . . . . . 4-6, 9

**FEDERAL RULES OF CIVIL PROCEDURE**

12(b)(6). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 8

26(f). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 2

8. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 6, 8

8(a). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

## STATEMENT OF FACTS

Plaintiff filed a Complaint for copyright infringement against John Doe Assigned IP Address 76.117.28.225 on November 7, 2014.  (ECF No. 1.)  The Court subsequently entered an Order on December 16, 2014, permitting plaintiff to serve a subpoena prior to the Rule 26(f) conference upon Comcast, which purportedly was Doe's internet service provider ("ISP"), in order to determine Doe's actual name and address.  (ECF No. 6.)  In issuing that Order for limited discovery, the Court mandated that "Plaintiff will have to go beyond 'limited discovery' that it contends will reveal Defendant's identity.  The burdens associated with the potentially expansive and intrusive discovery that Plaintiff may need to propound in or to obtain Defendant's identity likely would outweigh Plaintiffs need for expedited discovery."  *Id.* at 5 (internal citation omitted).   "If Plaintiff seeks leave to file an Amended Complaint naming a specific defendant, then it shall ensure that it has a factual basis for the assertion that the proposed defendant engaged in the alleged infringement.  By permitting this discovery, the Court is not finding that Plaintiff may rely solely on the subscriber's affiliation with the IP address in question as the basis for its claims."  *Id.* at n. 2.

After receiving Comcast's response to plaintiff's subpoena which apparently identified the Comcast subscriber assigned the IP address in question, plaintiff filed an Amended Complaint for copyright infringement – not against the subscriber – but against non-subscriber Kirk Rahusen on February 27, 2015 (ECF No. 7), which purportedly was served on Mr. Rahusen on March 10, 2015 (ECF No. 11).  Plaintiff's Amended Complaint states in paragraph 2 that "*Defendant's IP address* as set forth on Exhibit A was used to illegally distribute copyrighted movies set forth on Exhibit B."  *See* Amended Complaint (ECF No. 11) at ¶ 2 (emphasis added).

1

The Amended Complaint also refers in other places to the IP address in question as "Defendant's IP address" or "Defendant's ISP." *See, e.g.,* ¶¶ 17, 22, 25.

However, as plaintiff acknowledges in its Amended Complaint (apparently based on Comcast's response to plaintiff's pre-Rule 26(f) subpoena), defendant Kirk Rahusen was not the subscriber to Comcast's internet service at the time of the alleged infringing activity or at any other time.   Plaintiff also is aware that the only connection between this defendant (male), and the actual person (female) who had an account with Comcast at the time in question, is that they lived at the same address (88 Monroe Place, Apt. 206, Bloomfield, New Jersey).   Indeed, the Amended Complaint states in paragraph 25:  "Defendant's ISP, Comcast Cable, identified Defendant's girlfriend as the Internet subscriber addressed IP address 76.117.28.225 on October 2, 2014 - one day on which the infringement occurred."  Thus, plaintiff is aware that Comcast was not this defendant's ISP and the IP address in question is not and never was assigned to this defendant.

Yet somehow, because plaintiff alleges that "Defendant lives with his girlfriend in paragraph 9, above" (¶ 26), "discovery will likely show that Defendant is the infringer and not Defendant's girlfriend."  ¶ 27.  The Amended Complaint also repeats the boilerplate vague and ambiguous statement used in other cases:  "Images posted by Defendant on his social media profile page match the subjects of the works that IPP recorded being distributed from the subject IP address" (¶ 32) without giving any indication "social media page" or what sort of "subjects" are being referred to.  One is left wondering what images are being referred to, what social media website or service, and in what way they "match."  Are the images supposedly copies of or derived from plaintiff's works, or are they similar to something contained in plaintiff's works, or of the same type or something else entirely?  Curiously, the Amended Complaint includes

2

intricate details about the date each work was purportedly copyrighted, and the name, date and even time of day each copyrighted work was allegedly downloaded;  but this pleading fails to provide a single detail about even one supposed image or what social medial profile the image was posted to – not a single name, date, time, description, social media site name, or what profile name was used.  The Court and this defendant are left to guess, speculate or imagine what the connection is to this defendant, if any.

At no point in plaintiff's Amended Complaint does it state any facts connecting this defendant with the infringing activity – only that someone or something used the IP address in question to download the allegedly copyrighted works.  Yet, based on no facts connecting this defendant to the alleged infringing activity, the Amended Complaint makes conclusory statements such as "Plaintiff's evidence establishes that Defendant is a habitual and persistent BitTorrent user and copyright infringer" (¶ 24), "Defendant had access to and regularly used the Internet at the subject IP address, which infringed Plaintiff's works  and others" ( ¶ 31), and similar statements.

**LEGAL ARGUMENT**

**THE COMPLAINT SHOULD BE DISMISSED BECAUSE PLAINTIFF'S AMENDED COMPLAINT FAILS TO PROVIDE SUFFICIENT FACTS CONNECTING THIS DEFENDANT TO INFRINGEMENT**. FED. R. CIV. P. 8, 12(b)(6).

A.   Plaintiff's Amended Complaint Fails to Comply with FRCP 8.

Rule 8(a) of the Federal Rules of Civil Procedure requires that a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." FED. R. CIV P. 8(a).  However, a complaint should be dismissed if it fails to state a claim upon which relief could be granted.  FED. R. CIV. P. 12(b)(6).  A claim must be dismissed if the complaint fails to contain enough facts to make the claim plausible on its face. *Bell Atlantic Corp. v. Twombly,* 550 *U.S.* 544, 545, 127 *S. Ct.* 1955, 1974 (2007); *Ashcroft v. Iqbal,* 556 U.S. 662, 129 *S.Ct.* 1937, 1949 (2009).  The reason for the plausibility standard is that Rule 8 does not "unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal,* 129 *S.Ct.* at 1949.

When evaluating a Rule 12(b)(6) motion to dismiss, the Court performs a two-part analysis.  First, the Court separates the factual and legal elements in the complaint, accepting all well-pled facts as true so long as they are not conclusory, and disregarding any legal conclusions. *Fowler v. UPMC Shadyside,* 578 *F.3d* 203, 201-201 (3d Cir. 2009) (citing *Iqbal,* 129 *S.Ct.* at 1949-1950);  *see also Phillips v. County of Allegheny,* 515 *F.3d* 224, 233 (3d Cir. 2008); *Malibu Media, LLC, v. Tsanko,* No. 3:12-cv-03899, ECF No. 71 at 6 (D.N.J. Dec. 10, 2013).  Next, the district court determines whether the alleged facts are sufficient to show that the plaintiff has a "plausible claim for relief." *Fowler,* 578 *F.3d* at 211 (quoting *Iqbal,* 129 *S.Ct.* at 1950).  But the complaint must include enough factual matter to suggest the required element of the cause of

4

action.  *Fowler,* 578 *F.3d* at 210 (citing *Iqbal,* 550 *U.S.* at 556, 127 *S.Ct.* at 1949).  The factual allegations in a complaint "must be enough to raise a right to relief above the speculative level." *Twombly,* 127 *S.Ct.* at 1965 & n. 3.  A plaintiff must "nudge [his, her or its] claims across the line from conceivable to plausible" in order to survive a motion to dismiss.  *Phillips,* 515 *F.3d* at 234 (citing *Twombly,* 550 *U.S.* at 570, 127 *S.Ct.* at 1974).  "Bare-bones" allegations "supported by mere conclusory statements" do not suffice and will not survive a motion to dismiss.  *Fowler,* 578 *F.3d* at 210 (citing *Iqbal,* 127 *S.Ct.* at 1949).  One needs more than speculation.

   In this case, plaintiff's initial Complaint against the then-unidentified Comcast subscriber assigned the IP address in question arguably made out a proper case of copyright infringement since the Complaint included details of the works involved, dates of infringement, and pointed to the then-unknown Comcast subscriber's assigned IP address in question.  But once plaintiff learned the address and <u>female</u> name of the subscriber and apparently discovered a <u>male</u> person with the same address, it took a giant leap of faith and automatically named the non-subscriber <u>male</u> person in the Amended Complaint as its supposed infringer, claiming that it connected to <u>his</u> computer based on no specifics whatsoever.  The Amended Complaint now makes speculative and conclusory references to defendant's supposed romantic relationship with the actual subscriber (as if that matters), and unspecified bare bones, vague references to supposed social media profiles.[1]  Plaintiff is just shooting in the dark, hoping it will find a target here.  But

---

[1] Although defendant here could have submitted an affidavit as to the non-existence of any such alleged social media profile described, that would be improper at this stage.  But defendant nevertheless submits that plaintiff's allegation about some sort of copyrighted image being associated with one or more social media profiles is intentionally and necessarily vague and ambiguous because it simply does not exist.

a Complaint needs more than this kind of speculation to rise to the level of <u>plausible</u>.  As such, plaintiff's Amended Complaint fails to provide a sufficient connection to this defendant.

The problem plaintiff has here is that its bare-bones allegations supported by mere conclusory statements about this defendant are insufficient to survive a motion to dismiss. *Fowler,* 578 *F.3d* at 210 (citing *Iqbal,* 127 *S.Ct.* at 1949).  Although perhaps anything is possible, plaintiff's leap of faith and shifting allegations in the Complaint, as they now pertain to this non-subscriber defendant who just happens to have the same address as the subscriber, fail to nudge plaintiff's claim across the line from conceivable to plausible as required by Rule 8 and recent case law.  *Phillips,* 515 *F.3d* 224 at 233.

In another BitTorrent copyright infringement case similar in important respects to the case at bar, *AF Holdings LLC v. John Doe,* No. C 12-2049, ECF No. 45, 2013 WL 97755 (N.D. Cal. Jan. 7, 2013), the plaintiff sought to amend its complaint to replace a John Doe with someone named Josh Hatfield.  The proposed amended complaint in that case described the details of an investigation and research it had performed which caused it to believe that Mr. Hatfield was a person who had used BitTorrent to download and infringe the plaintiff's copyrighted works.  That investigation revealed that Mr. Hatfield had a "large internet presence," appeared to have a Facebook page which stated that he liked "pretty much any movie," that he appeared to have a MySpace page, that he was living at the address of the IP address in question with a 30 year-old female with a different last name, and "that there was no indication that the two were married," among other thing.  *Id.* at 5-6.

The court in *AF Holdings* denied the plaintiff's motion to amend the complaint with Mr. Hatfield's name.  One of the reasons the court denied the plaintiff's motion was because the amended complaint alleged "no facts showing that Hatfield infringed AF Holdings' copyrighted

6

material.  Even though the investigation prior to the proposed amendment provided details of the investigation (unlike the instant case), the court in *AF Holdings* found "that the new allegations in the revised proposed [second amended complaint] are vague and speculative, and do not demonstrate diligence or add any substance to the claims.  The allegation that AF Holdings discovered that Hatfield has 'a large Internet presence' is conclusory and appears to be based on pure speculation about social media accounts that may or may not be registered to Hatfield." Moreover, "the allegation that Hatfield is sharing the apartment with someone of the opposite sex, and that 'there is no indication that the two are married' is meaningless."  *Id.* at 7-8.

Although the facts in *AF Holdings* are not identical in all respects to the instant case, at least the plaintiff in that case performed an actual investigation and provided the details of such, unlike the case at bar where Malibu Media merely claims it performed an investigation identifying this defendant as having a girlfriend with the IP address in question (without providing any basis for making that assertion), and makes an ambiguous, vague, speculative, and conclusory allegation about defendant having an unspecified social media profile with images related to its copyrighted works – again without providing any factual basis for that speculative conclusion.  One cannot expect the Court or this defendant to fill in the blanks and make a connection.

Plaintiff's Amended Complaint provides intricate details about the date each work was purportedly copyrighted, and the name, date and even time of day each copyrighted work was allegedly downloaded.  However, plaintiff's pleading fails to provide a single detail about even one of the supposed images or what social media profile the image was posted to – not one name, date, time, description, social media site name, or what profile name was used.  The Amended Complaint also speculates that, merely because this defendant resided at the same address as the

7

Comcast subscriber assigned the IP address in question, that (1) he has been romantically involved with the subscriber, and (2) that plaintiff connected to his computer to establish evidence of improper downloading.  Certainly, at this stage, one does not expect a plaintiff to put forth the level of evidence to prove a defendant's liability or connection it would need for a summary judgment motion or at trial, but it must enumerate some non-conclusory factual basis for targeting this particular individual, which plaintiff has failed to do.  The Court and this defendant are left to guess, speculate or imagine what the connection is to this defendant, if any.

As such, the bare bones, conclusory allegations pointing to this defendant in plaintiff's Amended Complaint fail to rise above the speculative level and, thus fail to nudge plaintiff's claims across the line from conceivable to plausible as required by Rule 8 in order to survive a motion to dismiss.  Thus, plaintiff's Amended Complaint should be dismissed.  FED. R. CIV. P. 12(b)(6);  *Twombly,* 127 *S.Ct.* at 1965 & n. 3.

B.   <u>Plaintiff Failed to Follow the Court's Directive That it Have a Factual Basis for the Assertion That the Defendant Engaged in the Alleged Infringement.</u>

As described above, plaintiff's allegations in its Amended Complaint tying this defendant to the supposed acts of infringement are conclusory, vague and speculative, which by definition fail to provide a factual basis for naming this defendant.  Therefore, contrary to this Court's Order permitting plaintiff to serve an early subpoena on Comcast, plaintiff did not have a "factual basis for the assertion that [this] defendant engaged in the alleged infringement."  (ECF No. 6 at n. 2.)

Accordingly, plaintiff's Complaint should be dismissed.  Alternatively, the Court could permit plaintiff to amend and supplement its complaint with sufficient actual facts tying this

particular defendant to the alleged infringement, unless this opportunity would be futile (such as where plaintiff has no such information).  *Phillips v. County of Allegheny,* 515 *F.3d* 224, 235-236 (3d Cir. 2008)

9

**CONCLUSION**

Defendant respectfully submits that plaintiff's Complaint should be dismissed with

prejudice for all of the foregoing reasons.

                                        Respectfully submitted,
                                        LESLIE A. FARBER, LLC
                                        Attorneys for Defendant


                                        /s/Leslie A. Farber_____
Dated: July 21, 2013           By:   Leslie A. Farber
                                        eMail: LFarber@LFarberLaw.com

10