UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

**LESLIE A. FARBER, LLC**
33 Plymouth Street, Suite 204
Montclair, New Jersey  07042
Ph. (973) 509-8500
eMail: LFarber@LFarberLaw.com
Attorneys for Defendant

| | |
|---|---|
| **MALIBU MEDIA, LLC,** | Hon. Jose L. Linares, U.S.D.J. |
| *Plaintiff,* | Civil Action No. 2:14-cv-06976-JLL-JAD |
| v. | <u>CIVIL ACTION</u> |
| **KIRK RAHUSEN,** | <u>RETURN DATE</u>:  **May 4, 2015** |
| *Defendant.* | Document Filed Electronically |

# DEFENDANT'S BRIEF IN <u>REPLY</u> TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS COMPLAINT

Leslie A. Farber, Esq.
 On the Brief

LESLIE A. FARBER, LLC
33 Plymouth Street, Suite 204
Montclair, NJ 07042
Ph. (973) 509-8500
Attorneys for Defendant

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

LEGAL ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

    ALL OF THE CASES PLAINTIFF CITES ARE INAPPOSITE TO THIS MOTION, AND PLAINTIFF'S AMENDED COMPLAINT STILL FAILS TO MAKE ANY CONNECTION BETWEEN DEFENDANT AND ANY INFRINGEMENT.. . . . . . . . . . 1

CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

## TABLE OF AUTHORITIES

**CASES**

Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937 (2009). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955 (2007).. . . . . . . . . . . . . . . . . . . . 3

Fowler v. UPMC Shadyside, 578 F.3d 203 (3d Cir. 2009). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

**FEDERAL RULES OF CIVIL PROCEDURE**

Rule 12(b)(6). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 3

Rule 8. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

**LEGAL ARGUMENT**

**ALL OF THE CASES PLAINTIFF CITES ARE INAPPOSITE TO THIS MOTION, AND PLAINTIFF'S AMENDED COMPLAINT STILL FAILS TO MAKE ANY CONNECTION BETWEEN DEFENDANT AND ANY INFRINGEMENT.** FED. R. CIV. P. 8, 12(b)(6).

The current Amended Complaint, which this defendant seeks to dismiss, is not against the internet subscriber assigned the IP address at which plaintiff claims someone improperly downloaded its copyrighted work(s), but is against someone else who merely had the same residence address during the time of the alleged infringement. Plaintiff does not dispute that defendant was not assigned and did not "own" the IP address in plaintiff's original or Amended Complaint. *See* Plaintiff's Amended Complaint (ECF No. 7). Defendant here does not seek to dismiss a complaint filed against the subscriber who originally was named as John Doe with a certain IP address.

Plaintiff argues and lists citations in its brief to a list of decisions on Rule 12(b)(6) motions that were denied in plaintiff's own cases.[1] However, in every single one of those decisions, the party who sought to dismiss the complaint was the subscriber assigned the IP address in question – not someone else, like in this case. Defendant here does not dispute that an internet subscriber assigned a certain IP address a plaintiff alleges was connected to the BitTorrent website is a legitimate person to name in a complaint (as least as the outset), and courts around the country have confirmed this many times. However, not one of the decisions cited by plaintiff involved a person *other than* the subscriber assigned the IP address in question moving to dismiss per Rule 12(b)(6), and this defendant is not aware of any decision where a

---

[1] *See* Plaintiff's brief in opposition to defendant's Motion to Dismiss at 20, and plaintiff's Exhibit A.

1

Rule 12(b)(6) motion to dismiss filed by a non-subscriber was denied. This would seem to be because, while courts generally are willing to give a copyright infringement plaintiff Media the benefit of the doubt when naming the internet account subscriber at this early stage because that person either performed the act of downloading the copyright works or is likely to know who did. But defendant in this case is not the account holder and merely has the same street address (an apartment) as the subscriber, and plaintiff conducted absolutely no discovery to determine who the actual infringer (if any) might be. Thus, all of the cases cited by plaintiff are irrelevant and plaintiff still cannot show a legitimate basis for amending its complaint to go after this non-subscriber defendant.

Simply because the subscriber is female and this male defendant has the same residence address, plaintiff nevertheless in its brief continues to make the same vague, non-specific allegation that this defendant has some sort of unknown and unnamed social media profile (which he does not) with a connection to plaintiff's copyrighted works. Since plaintiff had to invent this connection to suggest some connection between this defendant and plaintiff's works, one would think plaintiff would provide even one detail about what social media website or service was involved, or a date, the specific content, defendant's profile name or user name – anything. But plaintiff fails to do that and cannot do that for obvious reasons. The only conclusion one can draw is that there is no such social media profile, and there is no connection between this defendant and any of plaintiff's works.

Plaintiff's Amended Complaint fails to make a connection between this defendant to the acts in question because the co-called vague social media profile does not exist and plaintiff's Amended Complaint does not provide even a scintilla of evidence or fact, or even a permissible inference, connecting this non-subscriber defendant to any of plaintiff's works. As such,

2

plaintiff's bare-bones allegations supported by vague, conclusory statements about this defendant fail to rise above pure speculation and, thus failing to nudge plaintiff's claims across the line from conceivable to plausible as required by Rule 8 in order to survive a motion to dismiss.

Accordingly, plaintiff's Amended Complaint should be dismissed. FED. R. CIV. P. 12(b)(6); *Bell Atlantic Corp. v. Twombly,* 550 *U.S.* 544, 127 *S. Ct.* 1955, 1965 & n. 3 (2007). *Fowler v. UPMC Shadyside,* 578 *F.3d* 203, 210 (3d Cir. 2009) (citing *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009)).

## CONCLUSION

Plaintiff's Complaint should be dismissed with prejudice for all of the foregoing reasons and those contained in defendant's original Motion and accompanying papers.

                                                  Respectfully submitted,
                                                  LESLIE A. FARBER, LLC
                                                  Attorneys for Defendant

                                                  /s/Leslie A. Farber

Dated: April 27, 2015               By:    Leslie A. Farber
                                                  eMail: LFarber@LFarberLaw.com