NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MALIBU MEDIA,<br><br>Plaintiff,<br><br>v.<br><br>KIRK RAHUSEN,<br><br>Defendant. | Civil Action No. 14-6976 (JLL) (JAD)<br><br>OPINION |

**LINARES**, District Judge.

This matter comes before the Court by way of Defendant Kirk Rahusen ("Defendant")'s motion to dismiss Plaintiff Malibu Media ("Plaintiff")'s Amended Complaint ("AC"; ECF No. 7) pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 13). The Court has considered the parties' submissions in support of and in opposition to the instant motion and decides this matter without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons set forth below, the Court **denies** Defendant's motion.

## I. BACKGROUND[1]

Plaintiff is a limited liability company located and organized under the laws of California. (AC at ¶ 8). Defendant is an individual residing at a residence in Bloomfield, NJ. (*Id.* at ¶ 9). Defendant alleges that Plaintiff used the BitTorrent file distribution network ("BitTorrent"), a peer-to-peer file sharing system used for distributing large amounts of data, to infringe Plaintiff's

---

[1] The following facts are taken as true solely for the purposes of this motion.

Copyrights. (*Id.* at Sect. I; ¶¶ 10-12). Defendant downloaded, copied, and distributed a complete copy of Plaintiff's movies without authorization as enumerated in Exhibit A. (*Id.* at ¶ 19).

Plaintiff used an investigator, IPP International UG, to establish a direct "TCP/IP connection" with Defendant's IP address. (*Id.* at ¶ 17). Plaintiff alleges that IPP International UG downloaded, from Defendant, one or more bits of each file hash listed in Exhibit A attached to the Complaint. (*Id.* at ¶ 21). Further, IPP International UG downloaded a full copy of each file hash from the BitTorrent file distribution network and confirmed through independent calculation that the file hash matched what is listed on Exhibit A. (*Id.*) IPP International UG then verified that the digital media file correlating to each file hash listed on Exhibit A contained a copy of a movie which is identical (or alternatively, strikingly similar or substantially similar) to the movie associated with that file hash on Exhibit A. (*Id.*). Plaintiff alleges that Plaintiff's evidence establishes that Defendant is a habitual and persistent BitTorrent user and copyright infringer. (*Id.* at ¶ 24).

Defendant's ISP, Comcast Cable, identified Defendant's girlfriend as the Internet subscriber addressed IP address 76.117.28.225 on October 2, 2014—one day on which the infringement occurred. (*Id.* at ¶ 25). Defendant lives with his girlfriend. (*Id.* at ¶ 26). Plaintiff alleges that discovery will likely show that Defendant is the infringer and not Defendant's girlfriend, as Defendant's girlfriend authorized Defendant to use her computer. (*Id.* at ¶¶ 27-28). After receiving the subscriber's name, Plaintiff conducted a pre-suit investigation and found that images posted by Defendant on his social media profile page match the subjects of the works that IPP recorded being distributed from the subject IP address, which infringed Plaintiff's works (*Id.* at ¶¶ 30-32). Plaintiff asserts one count of Direct Infringement against Defendant. (*Id.* at ¶¶ 36-40).

## II. LEGAL STANDARD

For a complaint to survive dismissal, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* In determining the sufficiency of a complaint, the Court must accept all well-pleaded factual allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party. *See Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008). But, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. Thus, legal conclusions draped in the guise of factual allegations may not benefit from the presumption of truthfulness. *Id.*; *In re Nice Sys., Ltd. Sec. Litig.*, 135 F. Supp. 2d 551, 565 (D.N.J. 2001).

## III. DISCUSSION

### A. Motions Before the Court

#### 1. Defendant's Motion

Defendant contends that Plaintiff's Amended Complaint should be dismissed on the following grounds: (1) Plaintiff's Amended Complaint fails to comply with FCRP 8; and (2) Plaintiff failed to follow the Court's directive that it have a factual basis for the assertion that the Defendant engaged in the alleged infringement.

#### 2. Plaintiff's Opposition

Plaintiff responds to Defendant's contention by asserting that: (1) Plaintiff's Complaint states a plausible claim for relief; (2) Plaintiff's allegations that Defendant is the infringer are plausible; (3) Defendant's Amended Complaint complies with this Court's Order; (4) The *AF Holdings* Opinion relied upon by Defendant is entirely dissimilar to the instant case; and (5) Every Court to address the issue has found that Plaintiff's Complaints survive a 12(b)(6) motion.

## B. Plaintiff's Complaint

Defendant argues that the Complaint should be dismissed because Plaintiff's Amended Complaint fails to provide sufficient facts connecting Defendant to infringement. Defendant states that Plaintiff's naming of Defendant in the Complaint is based upon speculative and conclusory references which does not rise to the level of plausible. Defendant cites to *AF Holdings LLC v. John Doe*, for the proposition that a Court may deny a Plaintiff from amending a complaint in order to insert a defendant's actual name based upon an investigation similar to the one cited by Plaintiff in its Amended pleadings. No. C 12-2049, ECF No. 45, 2013 WL 97755 (N.D. Cal. Jan. 7, 2013). Defendant states that while Plaintiff's Complaint provides details about the alleged copyrights and subsequent infringement, Plaintiff's Amended Complaint fails to provide any details about the supposed images or what social media profile the image was posted to.

Moreover, Defendant contends, although this defendant resided at the same address as the Comcast subscriber assigned the IP address in question, Plaintiff has failed to set forth sufficient facts to allege that (1) he has been romantically involved with the subscriber, and (2) that plaintiff connected to his computer to establish evidence of improper downloading. Defendant argues that Plaintiff failed to follow the Court's directive and have a "factual basis for the

assertion that [this] defendant engaged in the alleged infringement," when requesting to serve an early subpoena on Comcast.

Plaintiff responds to Defendant's arguments by stating that Plaintiff has established infringement by sufficiently pleading: (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original, to which Defendant does not dispute. Plaintiff argues that by describing in detail the operation of the BitTorrent protocol and how Plaintiff determined Defendant's IP address infringed its movies using BitTorrent, Plaintiff has alleged sufficient facts to establish a prima facie case that Defendant infringed upon Plaintiff's copyrighted works. Moreover, by providing the IP address associated with the individual conducting the infringing activity, Plaintiff contends that Plaintiff has set forth factual content that allows the court to draw the reasonable inference that Defendant is liable for the misconduct alleged. Plaintiff states that it is plausible that Defendant is the infringer because Plaintiff's investigation revealed that Defendant lived with the subscriber at all relevant times and had access to the Internet at the subject address. Plaintiff notes that Defendant does not refute this fact or argue that he had a separate internet connection.

Further, Plaintiff's investigation revealed that Defendant's publicly available social media profile contains images which match the types of third party works that Plaintiff's investigator detected being infringed. Thus, Plaintiff argues, Plaintiff has connected Defendant personally with evidence of BitTorrent use traced to the subject IP address and residence assigned that IP address, where Defendant lived. Finally, Plaintiff attempts to distinguish the *AF Holdings* case from the case at bar by noting that here: (1) Plaintiff has alleged only direct copyright infringement against Defendant for the infringement of not one, but twenty-four (24) copyrighted movies over the course of over a year; (2) Plaintiff is not seeking leave to file a

second amended complaint; (3) Plaintiff has not delayed naming Defendant as the infringer for over a year; (4) Plaintiff has never represented that Defendant is not the infringer; and (5) Plaintiff's allegations state that Defendant's social media profile contains specific content which matches directly with content that Plaintiff's investigator detected being infringed. Finally, Plaintiff argues that in every similar case where Plaintiff has been challenged with a 12(b)(6) motion, citing at least twenty (20) such decisions from courts around the country, the court has found Plaintiff stated a plausible claim.

The Court agrees with Plaintiff that Plaintiff has established infringement by sufficiently pleading: (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Feist Publications, Inc. v. Rural Tel. Serv. Co., Inc.*, 499 U.S. 340, 361, 111 S. Ct. 1282, 1296, 113 L. Ed. 2d 358 (1991). Plaintiff has sufficiently pled the first element, the ownership of a valid copyright. (AC at ¶¶ 3, 37). Defendant further admitted that Plaintiff had sufficiently pled the first element of copyright infringement. (Def's Brief at 7)("Plaintiff's Amended Complaint provides intricate details about the date each work was purportedly copyrighted, and the name, date and even time of day each copyrighted work was allegedly downloaded.")

Moreover, Plaintiff has properly established the alleged infringement of the subject works by Defendant. Plaintiff has alleged that Defendant "downloaded, copied, and distributed a complete copy of Plaintiff's movies without authorization." (AC at ¶¶ 19). Further, Plaintiff has set forth specific factual allegations regarding the process by which Defendant used the BitTorrent program to download Plaintiff's works and how Plaintiff tracked Defendant's IP address to the BitTorrent program. (*Id.* at ¶¶ 11-21). Further, by alleging that Plaintiff conducted an investigation and discovered that Defendant's publicly available social media profile contains

images that match the types of third party works that Plaintiff's investigator detected being infringed, Plaintiff has sufficiently connected Defendant personally with evidence of BitTorrent use traced to the subject IP address and residence assigned that IP address, where Defendant lived. (*Id.* at ¶¶ 31-33). This Court must "accept all factual allegations as true, [and] construe the complaint in the light most favorable to the plaintiff[.]" *Phillips v. Cnty. of Allegheny,* 515 F.3d 224, 233 (3d Cir. 2008). In addition, "[d]etermining whether the allegations in a complaint are 'plausible' is a 'context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Young v. Speziale,* No. 07–3129, 2009 U.S. Dist. LEXIS 105236, *6–7, 2009 WL 3806296 (D.N.J. Nov. 10, 2009) (*quoting Iqbal,* 556 U.S. at 679). Based upon this principle coupled with Plaintiff's pleadings and the factual allegations thereto, the Court finds it inappropriate, at this stage of the litigation, to dismiss Plaintiff's claims. Therefore, Defendant's motion is denied.

## IV. CONCLUSION

For the reasons set forth above, Defendant's Motion to Dismiss (CM/ECF No. 13), is **denied**. An Appropriate Order accompanies this Opinion.

Date: May  11 , 2015

Jose L. Linares
United States District Court